IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE RICHARDSON,

PLAINTIFF,

v.

COMMUNITY EDUCATION
CENTERS, INC. D/B/A G.W. HILL
CORRECTIONAL FACILITY,

DEFENDANT.

CIVIL ACTION NO. _____
JURY TRIAL DEMANDED

## COMPLAINT AND JURY DEMAND

Plaintiff George Richardson, by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff George Richardson, a former employee of Community Education Centers, Inc. d/b/a G.W. Hill Correctional Facility ("G.W. Hill or "Defendant"). Mr. Richardson has been harmed by the Defendant's discrimination, by his wrongful termination by Defendant, and Defendant's egregious conduct. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

2. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

3.   The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

4.   This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

5.   All conditions precedent to the institution of this suit have been fulfilled.  The United States Equal Employment Opportunity Commission mailed a Notice of Right to Sue in this matter that was never received.  Plaintiff has requested the reissuance of the Notice of Right to Sue but has not yet received same.  With respect to the PHRA claims herein, a Complaint in this matter was filed with the Pennsylvania Human Relations Commission more than one year ago and this Complaint is filed less than two years following the dismissal of Plaintiff's Complaint by the PHRC.

## VENUE

6.   This action properly lies in the Eastern District of Pennsylvania, pursuant to 29 U.S.C. § 1391(b) because the claim arose in this judicial district.

7.   Venue in the Eastern District of Pennsylvania is also authorized pursuant to 42 U.S.C. § 2000(e) et seq.

## PARTIES

8.   Plaintiff George Richardson is an African American male citizen and resident of Philadelphia, Pennsylvania and the United States of America.

9.   Defendant G.W. Hill is a business entity duly organized and existing under state law with a place of business located at 75 Livingston Avenue, Roseland, NJ 07068 that does business

as and operates the G.W. Hill Correctional Facility located at 500 Cheney Road, Thornton, PA 19373.

10. Defendant was George Richardson's employer.

11. Defendant does significant business within the Commonwealth of Pennsylvania and is engaged in an industry affecting commerce.

12. At all relevant times Defendant G.W. Hill employed more than 15 people.

13. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

14. At all times relevant hereto, Defendant acted as a "person" and/or "employer" within the meaning of one or more of the anti-discrimination laws at issue in this suit and is accordingly subject to the provisions of said laws.

15. At all times relevant hereto, Plaintiff George Richardson was an "employee" of Defendant within the meaning of the anti-discrimination laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

16. Mr. Richardson is an African American male who was hired by G.W. Hill on or about January 14, 2008 as a Correctional Officer.

17. At the time of his hire, G.W. Hill Correctional Facility was run by a company other than Community Education Centers, Inc.

18. During his tenure with G.W. Hill Mr. Richardson performed his duties in a satisfactory and professional manner.

19. During his tenure with G.W. Hill, Community Education Centers, Inc. took over the facility and/or began doing business as G.W. Hill.

20. Upon taking over the facility, Defendant began to terminate its African American employees en masse.

21. Indeed, between January 2009 and July 27, 2009 more than 50 African American Employees were terminated.

22. White employees either were not discharged or not discharged in comparable numbers.

23. Incoming training classes of Correctional Officers were predominantly composed of White or Caucasian employees, making it the case that the terminated African American employees were almost universally replaced by White or Caucasian employees.

24. On June 25, 2009, Plaintiff George Richardson was terminated.

25. Upon information and belief, and for the reasons set forth in Paragraph 23 above, Mr. Richardson believes that his replacement was a Caucasian employee.

26. Defendant's stated reason or primary stated reason for the action taken was that Plaintiff allegedly left the SMU Control Room unattended.

27. Plaintiff disputes the reason given. The write-up that lead to his termination was not accurate, the charges were never investigated and Mr. Richardson's witness was never questioned.

28. Mr. Richardson was encouraged to provide false information to and about another African American coworker, Sendy Bryant, who was terminated shortly after Mr. Richardson. Defendant's management asked him to lie about the events leading up to her termination, even going so far as to offer him continued employment if he would do so.

29. The reason or reasons given for Mr. Richardson's termination were pretextual, he, like more than 50 other African Americans since January 2009, was the victim of Defendant's race discrimination.

30. White Officers at or around this time were treated more favorably than Mr. Richardson and other African American Officers:

    a.  Correctional Officer Fellicetti, White, was treated more favorably because sometime in July 2009, he abandoned his post and cursed out the Sergeant. He was not discharged nor was he disciplined. His post was moved.

    b.  Correctional Officer Corsin, White, allowed an inmate to take his work keys. He was not terminated for this, instead, his shift was changed from 1st shift to 3rd shift.

    c.  Correctional Officers Trout and Devijelis, White, were both caught sleeping in medical. They were not terminated for this.

    d.  Correctional Officer Connor, White, was treated more favorably because he knew two inmates were arguing and allowed one inmate to fight the other which resulted in an inmate being hospitalized. He was not discharged.

    e.  Correctional Officer Smercola, White, was treated more favorably because he came to work drunk and he was taken home. He was not disciplined nor discharged.

    f.  Correctional Officer LaRoche, Jr., White, body slammed an inmate because the inmate touched his pen. He was not disciplined.

    g.  Correctional Officers Kelly and Wood, White, helped a Sergeant beat an inmate. They were not disciplined nor were they discharged.

31. Among other reasons, Plaintiff believes that Defendant's actions were due to his race because Caucasians were treated differently and preferentially to African Americans.

32. Mr. Richardson's termination was motivated by discrimination and harassment on the basis of race.

33. Mr. Richardson has been harassed and discriminated against on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, Section 1981, and the Pennsylvania Human Relations Act.

34. The above-described conduct by Defendant and Defendant's agents and/or employees is a result of racial discrimination.

35. As a result of his termination, Mr. Richardson has suffered financial damages.

36. As a result of the severe and pervasive race discrimination and harassment suffered by Mr. Richardson, Mr. Richardson suffered, and continues to suffer severe emotional distress.

37. Defendant's agents and/or employees involved in the above-alleged conduct all acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Mr. Richardson severe emotional distress.

## FIRST COUNT
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e))

38. Plaintiff George Richardson repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

39. Based on the foregoing, the Defendant has engaged in unlawful employment practices in violation of Title VII.

40. In discriminating against Mr. Richardson because of his race and terminating him, the Defendant violated Title VII of the Civil Rights Act of 1964.

41. Said violations were intentional and willful.

42. Said violations warrant the imposition of punitive damages.

43. As the direct and proximate result of Defendant's violation of Title VII, Plaintiff George Richardson has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

44. Plaintiff George Richardson is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## SECOND COUNT
### (Civil Rights Act of 1866, 42 U.S.C. § 1981)

45. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

46. Based on the foregoing, the Defendant has engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

47. In discriminating against Mr. Richardson because of his race and terminating him, Defendant violated the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

48. Said violations were intentional and willful.

49. Said violations warrant the imposition of punitive damages.

50. As the direct and proximate result of the Defendant's violation of Section 1981, Plaintiff George Richardson has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

51. Plaintiff George Richardson is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## THIRD COUNT
### (Pennsylvania Human Relations Act, 43 P.S. § 951)

52. Plaintiff George Richardson repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

53. Based on the foregoing, the Defendant has engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

54. In discriminating against Mr. Richardson because of his race and terminating him, the Defendant violated the Pennsylvania Human Relations Act.

55. As the direct and proximate result of the Defendant's violation of the PHRA, Plaintiff George Richardson has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

56. Plaintiff George Richardson is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

57. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff George Richardson respectfully requests that this Court enter judgment in his favor and against Defendant:

      a. Declaring that the acts and practices complained of herein violate Title VII;

      b. Declaring that the acts and practices complained of herein violate Section 1981;

c. Declaring that the acts and practices complained of herein violate the PHRA;

d. Enjoining and restraining the acts and practices complained of herein;

e. Awarding compensatory damages to Plaintiff George Richardson to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and harassing conduct;

f. Awarding compensatory damages to Plaintiff George Richardson for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

g. Awarding punitive damages to Plaintiff George Richardson;

h. Awarding Plaintiff George Richardson costs of this action together with reasonable attorneys' fees;

i. Awarding Plaintiff George Richardson such other damages as are appropriate under Title VII, Section 1981, the PHRA and any other applicable laws; and

j. Granting such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff George Richardson hereby demands trial by jury as to all issues so triable.

James A. Bell IV, Esquire
PA Attorney I.D.# 81724
Jennifer C. Bell, Esquire
PA Attorney I.D.# 81045
Bell & Bell LLP
1617 JFK Blvd. – Suite 1020
Philadelphia, PA 19103
(215) 569-2500

Attorneys for Plaintiff George Richardson

DATED:        September 8, 2011